UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| A. TRAVELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-00056 |
| ) | |
| CSX TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is a motion for appointment of counsel (Docket # 7) filed by *pro se* Plaintiff A. Traveler, who asserts that he was discriminated against due to a perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq*. The Court requested that Plaintiff submit a Questionnaire for Appointment of Counsel (Docket # 8), which he promptly did (Docket # 11), revealing that Plaintiff has spoken to several experienced employment discrimination lawyers, none of whom would take his case. For the reasons given below, Plaintiff's motion will be DENIED.

"There is no constitutional or . . . statutory right to counsel in federal civil cases – only a statute that authorizes the district judge to request, but not to compel, a lawyer to represent an indigent civil litigant. *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) (internal citations omitted); *see* 28 U.S.C. § 1915(d); 42 § 2000e-5(f)(1). Whether to appoint counsel in a federal civil case is a matter confined to the district court's discretion. *Farmer*, 990 F. 2d at 323. When considering whether to appoint counsel, the court applies a straightforward inquiry enunciated by

1

the Seventh Circuit Court of Appeals: "given the difficulty of the case, did the plaintiff appear to be competent to try it himself, and if not, would the presence of counsel have made a difference in the outcome?" *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005) (quoting *Farmer*, 990 F.2d at 322); *see also Johnson v. Doughty*, 433 F.3d 1006, 1007 (7th Cir. 2006).

At this juncture, it appears that Plaintiff is capable of prosecuting his own claim. Plaintiff is articulate and diligent; has demonstrated that he has personal knowledge of, as well as excellent recollection of, the facts; has apparently amassed a significant number of written records concerning the events, as well a copy of relevant portions of the Federal Rules of Civil Procedure; has initiated the discovery process, drafted an adequate complaint, and submitted a report of parties' planning meeting; and was able to adequately engage in a scheduling conference with the Court and Defendant, in which he raised numerous issues that demonstrated his grasp of basic legal procedure. Furthermore, despite his alleged learning disability, Plaintiff stated that he graduated last year from railroad engineering school with a ninety-two grade point average. Considering the foregoing, Plaintiff appears quite competent to adequately handle the discovery process and trial of this relatively straightforward ADA discrimination case. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple case).

Furthermore, it is unclear whether an appointment of an attorney would make a difference in this case, considering that the Equal Employment Opportunity Commission examined it and concluded it had no merit and taking into account that at least three experienced employment discrimination lawyers also reviewed it and decided not to take it. (*See* Compl.,

2

Attach.; Questionnaire for Appointment of Counsel ¶ 6.)  Indeed, one lawyer even stated that Plaintiff's case had "no merit." (Questionnaire for Appointment of Counsel ¶ 6.)  This is an indication that the case may indeed have little merit and that appointing counsel will not make a difference in the case's ultimate outcome. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

    In short, the Court believes that Plaintiff is competent to prosecute this case, and thus his motion to appoint counsel (Docket # 7) is DENIED.  Of course, Plaintiff is free to attempt to secure counsel on his own. SO ORDERED.

    Enter for this 26th day of May, 2006.

    /S/ Roger B. Cosbey  
    Roger B. Cosbey,  
    United States Magistrate Judge