UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| A TRAVELER, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:06-CV-56 |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff A Traveler, who is *pro se*, requests that Defendant CSX Transportation, Inc. ("CSXT") list Doctor Stafford Henry as a potential witness in its Rule 26(a) disclosures. (Docket # 30.) Because he does not show that CSXT might use Dr. Henry in support of its defenses, Traveler's motion will be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Traveler alleges that he was fired from CSXT in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.* (Compl. 2.) Specifically, he claims that he was fired because he was delusional and mentally unstable, when, in fact, he was not. (Compl. 4.) Consequently, CSXT requested that Traveler visit Dr. Henry, a forensic psychiatrist, for a fitness for duty evaluation. (Def.'s Mem. in Opp'n to Pl.'s Mot. to Require Def. to List Dr. Stafford

Henry on its Rule 26(A) Disclosures Ex. A.) After Traveler's appointment, Dr. Henry wrote a letter to CSXT indicating that he was precluded from completing his evaluation of Traveler due to Traveler's purported "hostile, misplaced, and accusatory stance." (Def.'s Mem. Ex. A.) Because Dr. Henry was unable to complete the evaluation, CSXT contends that it does not anticipate calling him as a witness, and accordingly did not include Dr. Henry in its Rule 26(a) disclosures. Traveler, however, is demanding that CSXT list Dr. Henry.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A) requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information *that the disclosing party may use to support its claims or defenses* . . . ." Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). "The focus [of Rule 26(a)(1)(A)] is on persons who have information *that the disclosing party may use*." 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.22[4][a][ii] (3d ed. 2004) (emphasis added). Indeed, the 2000 advisory committee notes provide that "[t]he scope of the disclosure obligation is narrowed to cover only information that the disclosing party may use to support its position" and that "[a] party is no longer obligated to disclose witnesses . . . that it does not intend to use."[1] Fed. R. Civ. P. 26 advisory committee's note; *see also Moore's Federal Practice* § 26.22[4][a][ii] ("Rule 26(a)(1)(A) no longer requires parties to provide identifying information for persons whom it does not intend to use during the proceeding . . . .").

---

[1] Thus, Traveler misinterprets Rule 26(a)(1)(A) when he asserts that "the stress [is] on each individual likely to have discovery information," and that "each individual who had anything to do with this case, should be included." (Reply Br. 7.)

2

### III. DISCUSSION

Here, CSXT asserts that it does not anticipate using Dr. Henry since he was unable to complete his evaluation. In reply, Traveler attacks virtually every statement in Dr. Henry's letter to CSXT; for example, he questions Dr. Henry's statement that he was hostile, aggressive, and accusatory towards Dr. Henry and questions whether Dr. Henry was actually unable to complete the evaluation. However, these attacks on Dr. Henry's letter are "irrelevant because the essential inquiry is whether the disclosing party intends to use the witness." *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 222 (D.D.C. 2001).

In that regard, Traveler offers little in the way of argument. He contends that Dr. Henry's statements that he became "increasingly hostile, accusatory, and aggressive toward [Dr. Henry]" and that Dr. Henry "no longer feel[s] comfortable having any contact with [him]" (Def.'s Mem. Ex. A) could be used by CSXT to demonstrate that he is unfit to work. Traveler also postulates that because Dr. Henry has had some access to information about the underlying discrimination case, he "could have passed on valuable information to [CSXT] through verbal, unrecorded, conservation's [sic]." (Reply Br. 4.)

Even if Dr. Henry has communicated with CSXT about the discrimination case, which is mere speculation by Traveler, he fails to demonstrate that CSXT is planning to actually use Dr. Henry in support of its defenses. *See Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, No. IP02-0071-C-T/K, 2003 WL 21254617, at *2 (S.D. Ind. April 10, 2003) (finding that because defendant failed to show that a real estate broker was going to be used by plaintiff in support of its claims, defendant failed to clear the "high hurdle" set by Rule 26(a)); *Gluck*, 204 F.R.D. at 222 (rejecting plaintiff's challenge to defendant's Rule 26(a) disclosures because "plaintiff has

3

not shown that defendant intends to use any individual in the litigation process who has not been disclosed"). In fact, the very letter that Traveler claims could be used against him actually has had the opposite effect–CSXT indicates that because of the letter, it will not use Dr. Henry.[2]

Traveler also expresses concern that Dr. Henry may be used by CSXT at a later date. To allay this fear, Rule 26(e)(1) imposes a duty on CSXT to supplement its initial disclosures. *See* Fed. R. Civ. P. 26(e) ("A party is under a duty to supplement . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). Furthermore, Rule 37(c)(1) "gives teeth" to Rule 26(a) and Rule 26(e) by allowing for the exclusion of a party's witness should the party fail to disclose information regarding the witness. *See* Fed. R. Civ. P. 37(c)(1); *Crouse*, 2003 WL 21254617, at *3; *Moore's Federal Practice* § 26.22[4][a][ii].

Finally, Traveler asserts that if Dr. Henry is not included in this litigation, "there [will be] an elimination of certain fundamental truths . . . ."[3] (Reply. Br. 7.) Accordingly, if Traveler feels that Dr. Henry is necessary to his case, Traveler is free to list Dr. Henry in his own Rule 26(a) disclosures.

---

[2] Traveler also vaguely alludes to "numerous other CSX Transportation Officials" whom he alleges should have been included in CSXT's Rule 26(a) disclosures; however, the focus of his discussion lies solely with Dr. Henry. Accordingly, he has not made any showing that there are other CSX Transportation Officials that CSXT might use to support its defenses. *See Crouse*, 2003 WL 21254617, at *2 (finding that while defendant's motion focused solely on the real estate broker, to the extent that the motion allegedly went beyond the broker, the defendant failed to make the requisite showing under Rule 26(a)(1)).

[3] Specifically, Traveler posits the following question: "Is it not the purpose to show the complete, naked truth in all aspects *or just those that satisfy the needs of CSXT* and not the complete truth?" (Reply Br. 7 (emphasis added).) In that regard, Rule 26(a) does not require that "the parties disclose information concerning those individuals whose knowledge might be detrimental to their cases . . . ." *Moore's Federal Practice* § 26.22[4][a][i].

In sum, Traveler has failed to show that CSXT might use Dr. Henry to support its defenses. Therefore, Traveler's motion to require CSXT to include Dr. Henry in its Rule 26(a) disclosures (Docket # 30) is DENIED.

SO ORDERED.

Enter for July 20, 2006.

                                                S/Roger B. Cosbey
                                                Roger B. Cosbey,
                                                United States Magistrate Judge