## UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| A TRAVELER, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:06-CV-56 |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Plaintiff A Traveler filed two documents with the Court (Docket ## 36-37), which we deem to be motions. These motions seemingly overlap, and we will address both within the context of this Order. It is not altogether clear what Traveler is seeking in the motions, although it is clear that he wants Mr. Roger Trim removed as counsel for Defendant CSX Transportation, Inc. ("CSXT") because he allegedly made untrue and inappropriate statements in Defendant's Answers to Plaintiff's First Set of Interrogatories. (Docket # 32.)

The problem is that Traveler submitted a gross number of interrogatories to persons not involved in this action in violation of Federal Rule of Civil Procedure 33(a), which was brought to his attention by Mr. Trim. *See* Fed. R. Civ. P. 33(a) ("Without leave of court or written stipulation, any party may serve upon *any other party* written interrogatories, not exceeding 25 in number . . . .") (emphasis added). Stated another way, interrogatories are only to be served on parties, or in this instance, CSXT. In fact, Traveler apparently submitted no interrogatories to CSXT.

Because parties are "entitled to a degree of deference in the prerogative to proceed with counsel of [their] choice," the sanction of removing or disqualifying counsel is a "drastic

measure" and is certainly inappropriate in this instance when counsel has responded appropriately in response to Traveler's discovery requests. *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 419-20 (7th Cir. 1983) (quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715 (7th Cir. 1982))); *see also SmartSignal Corp. v. Expert Microsystems, Inc.*, No. 02 C 7682, 2006 WL 1343647, at *2 (N.D. Ill. May 12, 2006) (denying a party the counsel of its choosing "is disfavored in our judicial system and requires a strong showing in and of itself").

If Traveler would like to clarify his two motions or is seeking other relief, he is free to file another motion. Based on this record, however, removing or disqualifying Mr. Trim as counsel for CSXT is clearly inappropriate. Therefore, Traveler's motions (Docket ## 36-37) are DENIED.

SO ORDERED.

Enter for July 20, 2006.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge