UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| A. TRAVELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-56 |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

### INTRODUCTION

The motion to quash filed by the Defendant, CSX Transportation, Inc., and its President and Chief Executive Officer, Michael Ward, (DE # 42) asks that we quash the subpoena *duces tecum* issued by the Clerk of this Court and served on Ward by the *pro se* Plaintiff, A. Traveler.

For the reasons provided, the motion to quash will be GRANTED.

### BACKGROUND

Traveler commenced this action by suing CSX under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, based on his removal from service as an Engineer Trainee.

During discovery, Traveler sent to Ward at CSX headquarters in Jacksonville, Florida, a subpoena signed by the Clerk of this Court, which requested that Ward deliver to Traveler's home in Auburn, Indiana, on August 15, 2006, "[a]ll written communications received by [CSX] and written by [CSX] including all medical records, pertaining to Mr. A. Traveler . . . between the dates of January 01, 2005 to present, July 13, 2006; from the following Departments/Areas:

Medical Department, Risk Management, Labor Relations and Claims Administration." (Mem. in Supp. of Mot. to Quash, Ex. 1.)

Ward and CSX filed a timely Motion to Quash on July 26, 2006, and offered three reasons why Traveler's subpoena should be quashed: 1) the subpoena is invalid because it was served on Ward in Florida, and is thus outside the Court's subpoena limits; 2) Traveler has not established that Ward knows anything about his case such that he should have to respond to the subpoena; and 3) if the documents are truly relevant, Traveler can get them from CSX through a request for production under Rule 34 of the Federal Rules of Civil Procedure.

Traveler filed two responses (DE ## 45-46), one captioned a "Motion to Quash Defendant's Motion to Quash," but essentially only attacks CSX's second argument, asserting that Ward must surely know something about the case because of his position and CSX's corporate culture, and because Ward admits to receiving many letters from Traveler concerning the dispute.

## DISCUSSION

The Federal Rules of Civil Procedure provide that a court shall quash or modify a subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). Furthermore, a court may quash or modify a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . [ ]." Fed. R. Civ. P. 26(b)(2).

As a matter of procedure, Rule 45 directs that "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). It also imposes territorial limits upon the area in which a subpoena may

2

be served, directing that:

> a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . production, or inspection specified in the subpoena . . . [.]

Fed. R. Civ. P. 45(b)(2).

This section has been read to mean that a subpoena *duces tecum* issued by a federal court cannot be served upon a non-party for the production of documents located outside the geographic boundaries specified in Rule 45. *Legion Ins. Co. v. John Hancock Mut. Life Ins. Co.*, 33 F.App'x 26 (3d Cir. 2002). Stated another way, such a subpoena is unenforceable when both the documents and the non-party subpoena recipient are located outside the reach of Rule 45(b)(2). *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 413 n.5 (3d Cir. 2004).

Clearly, since both Ward and the documents Traveler seeks are well-outside the 100 mile territorial limit imposed by Rule 45(b)(2), the subpoena is not only unenforceable, it is subject to being quashed under Rule 26(b)(2), as it would impose an undue burden on Ward, particularly given that the documents can be conveniently produced through CSX's counsel under Rule 34 if they are in fact relevant and not privileged. The imposition on Ward, who Traveler does not even seek to depose via subpoena, is also apparent from the fact that Ward really has no information that is not readily available to Traveler through a request for production. *Block v. Abbott Lab., Inc.*, 2001 WL 1539159 at *2 (N.D. Ill. Dec. 3, 2001) (citing *Thomas v. IBM*, 48 F.3d 478, 482-84 (10th Cir. 1995)).

In short, the Court will not require the President and Chief Executive Officer of CSX to essentially become a document compiler and delivery service for Traveler, and therefore the Motion to Quash (DE # 42) will be GRANTED. Furthermore, Traveler's objections to the

motion are overruled, and his Motion to Quash the Motion to Quash (DE # 45) is hereby DENIED.

 Enter for August 16, 2006.

              S/Roger B. Cosbey
              Roger B. Cosbey,
              United States Magistrate Judge