## UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| A TRAVELER, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:06-CV-56 |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Plaintiff A Traveler, who is *pro se*, filed a "Motion to Compel Defendant to Produce Production of Discovery Documents which Defendant is Withholding" on August 7, 2006, (Docket # 47), asking the Court to compel Defendant CSX Transportation, Inc. ("CSXT") to produce documents responsive to his request for production of documents. Traveler also asks the Court to extend the deadlines "on [a]ll [l]egal [d]ates/[m]atters," alleging that the numerous documents he received from CSXT in response to his request for production were "jumbled together . . . causing Plaintiff a great deal of lost time sorting and organizing" them. (Mot. to Compel Def. to Produce Produc. of Disc. Docs. which Def. is Withholding 1.)

In addition, Traveler filed a "Response to First Set of Interrogatories and First Request for Production of Documents to Plaintiff A Traveler from Defendant, CSX Transportation" on August 15, 2006. (Docket # 50.) Along with his discovery responses, Traveler requested that the copy of the phone records he was producing be sealed, and that he be given more time to fully respond to CSXT's discovery requests.

For the following reasons, Traveler's motions will be GRANTED in part and DENIED in part.

### 1. Motion to Compel

Traveler claims that CSXT did not fully respond to certain requests for production of documents. CSXT contends, however, that Traveler never fulfilled his obligation under Federal Rule of Civil Procedure 37(a)(2)(B) to "attempt[] in good faith to resolve his discovery dispute with CSXT before filing his Motion to Compel." (Def. CSXT Transportation, Inc.'s Mem. in Opp'n to Pl.'s Mot. to Compel 2.) Federal Rule 37 requires that a party moving to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). Although *pro se* parties are relieved of the obligation to "meet and confer" under Local Rule 37.1, to the extent Traveler "failed to write, call, or otherwise contact CSXT regarding its discovery response," (Mem. in Opp'n 2), he failed to fulfill the independent duty imposed under Federal Rule 37.

Furthermore, Traveler failed to specify in his motion to compel which documents are missing and that CSXT failed to produce. Thus, it is impossible for the Court on this record to order that specific documents be produced by CSXT, particularly since CSXT claims that it has fully responded to Traveler's request for production of documents. Nonetheless, even if CSXT has no more documents to produce in response to a specific request, Traveler is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); *see also* Jay E. Grening & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2d ed. 2002). Accordingly, CSXT is ORDERED to execute an affidavit by September 8, 2006, (1) stating that after diligent search there are no

responsive documents in its possession, custody or control, other than those previously produced, *id.*; *see also Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing their efforts to locate documents responsive to the requests at issue in Traveler's motion to compel. *See Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991). The affidavit must fulfill these two requirements for *each* document request that Traveler claims has not been satisfactorily answered, which includes Request Nos. 1, 18, 39, 40, 54, and 61.

In summary, because Traveler failed to meet his obligation under Federal Rule 37 to confer with CSXT and did not indicate which specific documents are missing from CSXT's production, his notion to compel (Docket # 47) is DENIED, provided further, however, that CSXT is to execute the affidavit described above.

## 2. Request for an Extension of Time

Traveler also asks for an extension of time to "organize disarrayed [d]iscovery materials sent by Defendant," asserting that the more than ten pounds worth of documents he received from CSXT in response to his discovery requests were "jumbled together." (Mot. to Compel 1.) Indeed, Federal Rule of Civil Procedure 34(b) provides that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." CSXT does not represent that it produced the documents in accordance to Rule 34(b), instead it contends only that its counsel "produced the documents in accordance with its usual litigation practice." (Mem. in Opp'n 3.) Therefore, we accept, for purposes of the instant request, Traveler's representations

3

regarding the lack of document organization.

Therefore, since organizing documents can take additional and unanticipated time, Traveler has demonstrated good cause for an extension of the discovery deadline, and his motion for an extension of time (Docket # 47) is GRANTED. *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) ("Continuances or extensions of time with respect to the deadlines for . . . discovery . . . will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired."); *see also* Fed. R. Civ. P. 16(b); *U.S. v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Because we grant Traveler's August 7, 2006, motion for an extension of time, it is unnecessary to consider the merits of his August 15, 2006, motion, (Docket # 50), insofar as it also includes a motion for an extension of time, and it is likewise GRANTED. The Court extends the deadline for completion of all discovery to September 29, 2006.

Since the Court has granted an extension of time, Traveler's suggestion that he needs time to file documents establishing a conspiracy between CSXT and its counsel to withhold discovery information is unnecessary. In that regard, the Court reminds the parties of its August 21, 2006, Order, which relieved the parties of the responsibility of filing discovery in this case. (*See* Docket # 57.)

### 3. Motion to File Under Seal

Finally, Traveler requests that the copy of the phone records he produced in response to CSXT's interrogatory number seven be made inaccessible to the public. However, Traveler does not tell us why these records need to be sealed. *See Buckmaster v. Wyman*, No. 05-C-0166, 2005

WL 3274335, at *1 (E.D. Wis. Dec. 2, 2005) ("The customary rule in all federal courts is that . . . documents filed by the parties are open to inspection by the public."); *E&B Real Estate Servs., Inc. v. First Advantage Realty, Inc.*, No. 3:04-CV-055-RLY-VSS, 2005 WL 1397397, at *2 (S.D. Ind. June 3, 2005) ("Federal Rule of Civil Procedure 26(c) allows the court to enter a protective order, i.e., allow a seal, only for good cause shown.") Furthermore, the need to keep Traveler's home phone number under seal does not seem to be a concern here, since the number appears on the docket sheet. Accordingly, Traveler's motion to keep the phone records under seal (Docket # 50) is DENIED.

## CONCLUSION

In summary, Traveler's motions (Docket # 47, 50) are GRANTED in part and DENIED in part. Specifically, Traveler's motion to compel (Docket # 47) is DENIED, although CSXT is ORDERED to execute an affidavit, as described *supra*, by September 8, 2006. Furthermore, Traveler's motions for an extension of time (Docket # 47, 50) are GRANTED, and the parties are given until September 29, 2006, to complete all discovery. Finally, Traveler's motion to seal his phone records (Docket # 50) is DENIED.

SO ORDERED

Enter for August 29, 2006.

                                          S/Roger B. Cosbey
                                          Roger B. Cosbey,
                                          United States Magistrate Judge