**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **A. TRAVELER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CAUSE NO.  1:06-CV-00056** |
| ) | |
| **CSX TRANSPORTATION,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff A. Traveler, who is *pro se*, filed a motion to amend his complaint (Docket # 22), seeking leave to add claims of "retaliation and wrongful termination" to his original complaint. For the reasons provided herein, Traveler's motion, which is unopposed by Defendant CSX Transportation, will be GRANTED.

On February 28, 2006, Traveler filed a complaint against CSX, alleging that it discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq*. (Docket # 1.)  In his complaint and EEOC charge of discrimination, Traveler set forth various facts in support of the alleged discrimination and his purported removal from service by CSX. (*See* Compl. at 4, 8.)  On May 24, 2006, Traveler filed the instant motion, requesting that charges of "retaliation and wrongful termination" be added to his original complaint. (Docket # 22.)  On May 25, 2006, the parties participated in a scheduling conference, whereby the Court set a deadline of August 15, 2006, for any amendments to pleadings by Traveler. (Docket # 19.)

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  Leave to amend is freely given when justice so requires. *Id.*  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Here, Traveler's request to amend his complaint was timely, as he filed it more than two months prior to his deadline to amend the pleadings.  Furthermore, his charges of retaliation and wrongful discharge arise out of the same set of facts as the claim of discrimination articulated in his original complaint.  Moreover, CSX apparently does not oppose Traveler's request to amend, as it has declined to file a response to his motion. Therefore, considering that leave to amend should be freely given, Fed. R. Civ. P. 15(a), particularly in *pro se* cases, *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996), Traveler's motion to amend will be granted.[1]

For the foregoing reasons, Traveler's motion to amend his complaint (Docket # 22) to add claims of retaliation and wrongful discharge is hereby GRANTED.  CSX is directed to file an answer to the amended complaint within twenty days.

Enter for the 1st day of September, 2006.

S/Roger B. Cosbey

_____

Roger B. Cosbey,
United States Magistrate Judge

---

[1] Although Traveler failed to attach the amended complaint to his motion in accordance with Local Rule 15.1, this does not serve as a basis to deny his motion. *See* N.D. Ind. L.R. 15.1.

2