UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| A TRAVELER, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:06-CV-56 |
| ) | |
| v. ) | |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are ten motions filed by *pro se* Plaintiff A. Traveler: (1) Motion to Compel Production of Documents (Docket # 59); (2) Motion to Compel Defendant to Produce Production of Discovery Documents Which Defendant Has Not Submitted To Date (Docket # 66); (3) Motion to Compel Defendant to Produce Production of First Set of Interrogatories (Docket # 67); (4) Motion to Compel Defendant to Produce Production of Discovery Documents Which Defendant Is Withholding (Docket # 68); (5) Motion Requesting Defendant to Answer Plaintiff's Request for Information Pertaining to Defendant's Answer to Plaintiff's First Amended Complaint (Docket # 74); (6) Motion to Add Additional Information Pertaining to the Discovery Requested by Defendant (Docket # 79); (7) Motion that Defendant's Attorneys Be Given Disciplinary Action for Perjury, Making Untrue Statements, Harassing, and Discrediting Plaintiff (Docket # 81); (8) Motion that Defendant's Attorneys Be Given Disciplinary Action for Making Untrue Statements, Harassing, and Discrediting Plaintiff (Docket # 85); (9) Motion to Compel Defendant to Execute CSXT's Motion to Compel (Docket # 89); and (10) Motion to Compel (Docket # 90).

Also before the Court are two motions filed by Defendant CSX Transportation, Inc. ("CSXT"): (1) Motion for a Protective Order Regarding Plaintiff's Second Set of Interrogatories and Communications (Docket # 65); and (2) Motion to Compel (Docket # 73).

For the reasons set forth herein, Traveler's motions will be GRANTED in part and DENIED in part, and CSXT's motions will be DENIED.

## A.  BACKGROUND

On February 28, 2006, Traveler commenced this action by suing CSXT under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., based on his removal from service as an Engineer Trainee. (Docket # 1.)  Traveler then began his discovery on May 12, 2006, by serving CSXT with over two hundred interrogatories directed to numerous individuals associated with CSXT.[1] (Docket # 13.)

On May 25, 2006, a scheduling conference was conducted, wherein the Court established a maximum of twenty-five interrogatories and thirty requests for admissions by each party to any other party, a discovery deadline of September 15, 2006, and a dispositive motion deadline of December 15, 2006. (Docket # 17, 19.)  On June 8, 2006, Traveler filed his first request for production of documents; on June 28, 2006, he filed a second request for production of documents; and on June 30, 2006, he filed yet a third request for production of documents. (Docket # 28, 33, 35.)  On July 11, 2006, CSXT propounded to Traveler its first set of interrogatories and its first request for production of documents. (Docket # 38.)

On August 7, 2006, Traveler filed his first motion to compel seeking CSXT's responses to his first request for production of documents, which the Court denied, except that it ordered

---

[1] CSXT eventually responded to the first twenty-five of these interrogatories. (Docket # 32.)

2

CSXT to execute an affidavit stating that it had produced all documents in its possession, custody, or control responsive to Traveler's request. (Docket # 47, 61.)  In that same Order, the Court extended the discovery deadline to September 29, 2006. (Docket # 61.)  On August 14, 2006, Traveler served a second set of interrogatories to CSXT, which, in contrast to his first set, was expressly directed to CSXT. (Docket # 49.)

### B.  DISCUSSION

For the ease of the reader, the motions will be discussed in chronological order according to their filing date.

### 1.  Traveler's Motion to Compel Production of Documents (Docket # 59)

In his Motion to Compel Production of Documents (Docket # 59) filed August 28, 2006, Traveler asks the Court to compel CSXT to produce documents responsive to his Request Nos. 1-4, 13-22, 27, 29-38, 40, 43-47, and 59-60 from his first request for production of documents (Docket # 28), asserting that CSXT "omitted" them from its response. (Mot. to Compel Produc. of Docs. at 1.)  CSXT contends, however, that Traveler's motion should be denied because he failed to fulfill his obligation under Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure to attempt in good faith to resolve the discovery dispute with CSXT before filing the motion. (CSXT's Mem. in Opp'n to Pl.'s Second Mot. to Compel at 2.)

Federal Rule 37 requires that a party moving to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B).  Although *pro se* parties are relieved of the obligation to "meet and confer" under Local Rule 37.1, to the extent Traveler "failed to write, call, or

3

otherwise contact CSXT regarding these discovery responses," (Mem. in Opp'n at 2), he failed to fulfill the independent duty imposed under Federal Rule 37.

Traveler, however, argues that he *did* attempt to contact CSXT concerning the discovery, explaining that he sent three letters via certified mail – the first on September 1, the second on September 5, and the third on September 11 – to Baker & Hostetler, LLP, CSXT's legal counsel. (Reply Br. at 1-4.)  He then describes at length his efforts to track the letters through the postal service in order to prove his contention.

Traveler's postal-tracking efforts, however, are for naught, since the filing of his motion to compel on August 28, 2006, *preceded* the dates he purportedly sent the letters.  Clearly, Traveler failed to fulfill his duty under Federal Rule 37 to attempt to resolve the discovery dispute with CSXT before filing the motion to compel.

Furthermore, even if he had fulfilled his Federal Rule 37 obligation, Traveler fails to specify in his motion to compel which documents are missing and that CSXT failed to produce. Thus, it is impossible for the Court on this record to order that specific documents be produced by CSXT.  As a result, Travelers' motion to compel will be DENIED.

Nonetheless, since CSXT claims that it has fully responded to Traveler's request for production of documents, Traveler is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); *see also* Jay E. Grening & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2d ed. 2002).  Accordingly, CSXT will be ORDERED to execute an affidavit, (1) stating that after diligent search there are no responsive documents in its possession, custody, or control,

4

other than those previously produced,[2] *id.*; *see also Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing their efforts to locate documents responsive to the requests at issue in Traveler's motion to compel. *See Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991). The affidavit must fulfill these two requirements for each document request that Traveler claims has not been satisfactorily answered, which includes Request Nos. 1-4, 13-22, 27, 29-38, 40, 43-47, and 59-60.

## 2. CSXT's Motion for a Protective Order Regarding Plaintiff's Second Set of Interrogatories and Communications (Docket # 65)

In its Motion for a Protective Order Regarding Plaintiff's Second Set of Interrogatories and Communications (Docket # 65) filed on September 15, 2006, CSXT asks the Court to enter a protective order (1) relieving CSXT of any obligation to answer or otherwise respond to Traveler's second set of interrogatories and requiring that Traveler obtain the Court's approval before serving any additional discovery requests on CSXT; and (2) prohibiting Traveler from contacting the management of Baker & Hostetler to discuss his case. (Mem. in Supp. of Mot. for Protective Order at 1-3.)

CSXT explains that the Court limited each party to serving twenty-five interrogatories in accordance with Federal Rule 33(a), yet emphasizes that Traveler served it with his first request for interrogatories containing over two hundred interrogatories directed to various individuals associated with CSXT. CSXT further explains that after it responded to the first twenty-five interrogatories included in Traveler's first set, Traveler served it with yet *another* set of

---

[2] The Court expects CSXT to set forth this language specifically in its affidavit, rather than a variation thereof.

5

interrogatories – this set directed expressly to CSXT.  CSXT requests to be relieved from responding to this second set of interrogatories, asserting that the additional interrogatories exceed the twenty-five interrogatory limit and "serve no purpose other than to create unnecessary annoyance and expense for CSXT." (Mem. in Supp. of Mot. for Protective Order at 2-3.)

However, CSXT's arguments in support of a protective order are not particularly persuasive.  As to CSXT's first argument – that it already responded to twenty-five of Traveler's interrogatories, Traveler's first set of interrogatories was directed to various non-parties associated with CSXT, rather than directly to CSXT.  In fact, it is curious that CSXT responded to this first set of interrogatories without any effort to clarify Traveler's request.  In any event, considering that Traveler is proceeding *pro se*, the Court will afford him an opportunity to direct twenty-five interrogatories to CSXT in connection with his Motion to Compel (Docket # 67) discussed *infra* in Section B(4). *See generally Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is incumbent on [the court] to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds.").  Thus, CSXT's request for a protective order to relieve it from any duty to respond to Traveler's second set of interrogatories is unsuccessful.[3]

As to CSXT's second argument in support of its request for a protective order, Traveler apparently agreed in his deposition to refrain from further contact with the management of Baker

---

[3] Furthermore, a protective order that would require Traveler to obtain Court approval before serving additional discovery requests on CSXT is unnecessary since the discovery period has now closed (other than with respect to CSXT's response to Traveler's second set of interrogatories), and thus no new discovery requests can be served by either party without leave of Court and with some showing of excusable neglect. *See* Fed. R. Civ. P. 6(b), 16(b).

& Hostetler concerning this case. (*See* Mot. that CSXT's Att'ys Be Given Disciplinary Action for Perjury, Making Untrue Statements, Harassing, and Discrediting Pl., Ex. A.)  Since CSXT has not represented that Traveler contacted Baker & Hostetler's management *after* his deposition, it has failed to establish good cause for the protective order, *see* Fed. R. Civ. P. 26(c), as apparently Traveler has adhered to Baker & Hostetler's oral request.

Therefore, CSXT's motion for a protective order will be DENIED.[4]

### 3. Traveler's Motion to Compel Defendant to Produce Production of Discovery Documents Which CSXT Has Not Submitted To Date (Docket # 66)

In his Motion to Compel Defendant to Produce Production of Discovery Documents Which CSXT Has Not Submitted to Date (Docket # 66) filed on September 15, 2006, Traveler simply reiterates the same document requests advanced in his Motion to Compel Production of Documents (Docket # 59) filed on August 28, 2006.  Since the Court concluded *supra* in Section B(1) to deny Traveler's request, this motion will be DENIED as moot.

### 4. Traveler's Motion to Compel CSXT to Produce Production of First Set of Interrogatories (Docket # 67)

In his Motion to Compel CSXT to Produce Production of First Set of Interrogatories (Docket # 67) filed on September 15, 2006, Traveler requests the Court to compel CSXT to answer his second set of interrogatories, which were directed specifically to CSXT.  For the reasons set forth *supra* in Section B(2), Traveler's motion will be GRANTED, and CSXT will be ordered to respond to Traveler's second set of interrogatories (Docket # 49) by December 4,

---

[4] Also, Traveler filed two sur-responses (Docket # 83, 84) to CSXT's Motion for a Protective Order without leave of Court. *See* N.D. Ind. L.R. 7.1(a).  As a result, the Court on its own motion will STRIKE both of Traveler's sur-responses.

7

2006.[5]

### 5. Traveler's Motion to Compel Defendant to Produce Production of Discovery Documents Which CSXT Is Withholding (Docket # 68)

In his Motion to Compel Defendant to Produce Production of Discovery Documents Which CSXT Is Withholding (Docket # 68) filed on September 15, 2006, Traveler again asks that the Court compel CSXT to respond to the same document requests asserted in his August 7, 2006, motion to compel, which the Court denied in its Order dated August 29, 2006. (Docket # 47, 61.)  Apparently, in filing this motion, Traveler is asking that the Court reconsider its August 29, 2006, Order, having now received the affidavit that the Court required CSXT to file pursuant to that Order.

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *see Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare").  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269-70.

Traveler's argument seems to be that he now has newly discovered evidence that the documents he requested from CSXT indeed exist, despite CSXT's affidavit to the contrary. (*See*

---

[5] The Court notes that Traveler's second set of interrogatories could be read to contain document requests under Federal Rule 34 or an invitation to respond with business records under Federal Rule 33(d). *See* Fed. R. Civ. P. 33(d), 34.  The Court will leave it to the parties to address the proper means for responding, or whether any more documents even remain for production.

Mot. to Compel Def. to Produce Produc. of Disc. Docs. Which CSXT Is Withholding at 2; Aff. of Sarah E. Hall ¶ 3.)  However, the "newly discovered evidence" Traveler sets forth in his motion amounts to nothing more than his rendition of various theories why he believes the requested documents must exist and fails to offer any convincing basis upon which to justify a motion to reconsider.[6]  As a result, his motion will be DENIED.

### 6.  CSXT's Motion to Compel (Docket # 73)

In its Motion to Compel (Docket # 73) filed on September 28, 2006, CSXT requests that the Court compel Traveler "to execute a HIPAA release to enable CSXT to speak with Traveler's treating physicians, counselors, psychiatrists, psychologists, and/or other healthcare providers and obtain his complete treatment records, including all tests administered to him and all medications prescribed." (Mot. to Compel at 1.)  In response, Traveler executed a HIPAA release form, together with a cover letter, for each of his health care providers, but requested that the Court order CSXT to obtain his medical information from *all* of his providers, rather than "picking and choosing a few . . . health care providers for specific information." (Resp. at 1.)

Since Traveler has now submitted the executed HIPAA releases, CSXT's motion to compel is essentially moot, except that CSXT seeks the fees it incurred in filing the motion. (Mem. in Supp. of CSXT's Mot. to Compel at 3.)  Considering that Traveler is proceeding *pro se*, that he has now executed the requested releases, and that he may not have been familiar with the possibility that fees could be awarded under Federal Rule 37(a)(4) with respect to a motion to

---

[6] One of Traveler's nits is that he obtained three pages from the Social Security Administration that he contends should have been included in his CSXT medical file. (Mot. to Compel Def. to Produce Produc. of Disc. Docs. Which CSXT Is Withholding at 5-6.)  He asks that CSXT acknowledge its receipt of these documents and add them to his medical file.  In response, CSXT acknowledges that it added the three pages to Traveler's medical file as requested. (CSXT's Mem. in Opp'n to Pl.'s Mot. to Compel Regarding Hall Aff. at 2 n.1.)

compel, the Court will decline CSXT's request for fees in this instance.  Therefore, CSXT's motion to compel will be DENIED.  However, Traveler is cautioned that in the future the Court may award fees under Federal Rule 37 concerning any discovery dispute between the parties. *See* Fed. R. Civ. P. 37(a)(4).

Finally, CSXT may, of course, "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b).  Traveler's request that the Court order CSXT to contact *all* of his health care providers is clearly frivolous and is hereby denied.

**7. Traveler's Motion Requesting Defendant to Answer Plaintiff's Request for Information Pertaining to Defendant's Answer to Plaintiff's First Amended Complaint (Docket # 74)**

In his Motion Requesting Defendant to Answer Plaintiff's Request for Information Pertaining to Defendant's Answer to Plaintiff's First Amended Complaint (Docket # 74) filed on September 29, 2006, Traveler re-asserts a request that CSXT respond to Interrogatory No. 2 in his second set of interrogatories.  As Traveler's argument goes, CSXT "made substantial changes" from its original answer when it filed its answer to his amended complaint, heightening his need for the requested information. (Mot. Requesting Def. to Answer Pl.'s Req. for Information at 1.)

Curiously, the information that Traveler contends CSXT changed in its answer pertaining to the licensing and clinical opinions of Beverly Jackson and Tom Leathers has not, in fact, changed at all. (*See* Answer at 3; Answer to Pl.'s First Am. Compl. at 3.)  Nonetheless, this dispute is ultimately of no significance since the Court concluded *supra* in Section B(4) to order CSXT to respond to Traveler's second set of interrogatories.  As a result, this motion will be DENIED as moot.

10

### 8.  Traveler's Motion to Add Additional Information Pertaining to the Discovery Requested by Defendant (Docket # 79)

In his Motion to Add Additional Information Pertaining to the Discovery Requested by Defendant (Docket # 79) filed on October 4, 2006, Traveler seeks to supplement his response to CSXT's first set of interrogatories by adding the name of a physician that he feels is responsive to CSX's Interrogatory No. 11.  Traveler correctly notes that he has a duty to supplement a discovery response if he learns it was materially incorrect or incomplete when made. *See* Fed. R. Civ. P. 26(e).

However, as previously explained in this Court's Order dated August 21, 2006 (Docket # 58), Traveler does not need to file a motion in order to supplement his discovery responses.  Therefore, the Court deems the filing to be a supplementation to Traveler's earlier discovery responses and will DENY his motion as moot.

### 9.  Traveler's Motion that CSXT's Attorneys Be Given Disciplinary Action for Perjury, Making Untrue Statements, Harassing, and Discrediting Plaintiff (Docket # 81)

In his Motion that CSXT's Attorneys Be Given Disciplinary Action for Perjury, Making Untrue Statements, Harassing, and Discrediting Plaintiff (Docket # 81) filed on October 6, 2006, Traveler asserts that CSXT's legal counsel should be sanctioned because they are "making untrue statements, harassing, and discrediting" him. (Mot. that CSXT's Att'ys Be Given Disciplinary Action at 5.)  Given the breadth of Traveler's accusations, the Court is unsure if his motion is grounded in Federal Rule 11(b) or Federal Rule 26(g), but in the final analysis it makes no difference since he utterly fails to substantiate his claims in either event. *See* Fed. R. Civ. P. 11(b), 26(g).

Overall, we are reminded that sanctions under these Rules "are a severe penalty and not .

11

. . to be imposed lightly." *Lee-Kathrein v. McGrath*, No. 04 C 7324, 2006 WL 897749, at *1 (N.D. Ill. March 31, 2006) (citing *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263 (7th Cir. 1993)).  In his motion, Traveler first rehashes his disbelief in Hall's statement that CSXT has no additional responsive documents to produce and then castigates her for failing to answer his second set of interrogatories. (Mot. that CSXT's Att'ys Be Given Disciplinary Action at 1.)   Traveler then revisits his theme concerning the three certified mail letters he sent to Baker & Hostetler on September 1, 5, and 11, 2006, and CSXT's allegation that he refused to work out discovery issues. (Mot. that CSXT's Att'ys Be Given Disciplinary Action at 1-2.)          Traveler next disputes CSXT's counsel's assertion that he filed excessive interrogatories, explaining that his second set of interrogatories were the first interrogatories specifically directed to CSXT. (Mot. that CSXT's Att'ys Be Given Disciplinary Action at 2.) Finally, Traveler attacks CSXT's request for a protective order, explaining that he already orally agreed during his deposition to comply with CSXT's request to refrain from contacting Baker & Hostetler's management and thus its request for a protective order is simply a means to harass him. (Mot. that CSXT's Att'ys Be Given Disciplinary Action at 3.)

Clearly, none of Traveler's allegations rise to the level of a violation of either Federal Rule 11(b) or Federal Rule 26(g), or on this record, any other conceivable basis for sanctions. Indeed, Traveler offers no evidence indicating that CSXT's request for a protective order concerning his second set of interrogatories was filed for an improper purpose; rather, CSXT had evidentiary support for its request since it had already responded, at least in part, to Traveler's first set of more than two hundred interrogatories. *See generally Divane v. Majestic Properties, Inc.*, No. 01 C 2577, 2002 WL 126106, at *4 (N.D. Ill. Jan. 31, 2002) (denying a motion for Rule

11 sanctions in part because the party's accusation of misrepresentation was "without evidentiary support").

Similarly, CSXT's and Traveler's disagreement as to the existence of documents responsive to Traveler's discovery requests and the ultimate destination of his three certified letters boils down to a factual dispute. *See Stuart-James Co., Inc. v. Rossini*, 736 F. Supp. 800, 807 (N.D. Ill. 1990) (stating that a factual disagreement cannot form the basis for sanctions). Finally, given that Traveler's communications should be with counsel of record, CSXT's request for a protective order limiting his contacts with Baker & Hostetler is hardly frivolous.

In short, Traveler's motion for sanctions will be DENIED.

### 10. Traveler's Motion that CSXT's Attorneys Be Given Disciplinary Action for Making Untrue Statements, Harassing, and Discrediting Plaintiff (Docket # 85)

In his Motion that CSXT's Attorneys Be Given Disciplinary Action for Making Untrue Statements, Harassing, and Discrediting Plaintiff (Docket # 85) filed on October 16, 2006, Traveler disputes the following statement made by CSXT in a response brief:

> Specifically, Traveler claims that CSXT's assertion that he did not "write, call, or otherwise contact CSXT" before filing his Second Motion to Compel is untrue. (Dkt. 72, pp. 1-2).  Traveler identifies three letters (dated September 1, 5, and 11, 2006, respectively) he sent to counsel for CSXT, allegedly showing that he contacted CSXT before filing his motion.  Yet, Mr. Traveler's reliance on these letters is misplaced.  Each was written after Traveler filed his Second Motion to Compel *on August 29, 2006.*

(Mem. in Opp'n to Pl.'s Third Mot. to Compel Responses to Pl.'s Req. for Produc. of Docs. at 2 (emphasis added).)  Traveler emphasizes that his second motion to compel was not filed on August 29, 2006, as the only docket entries dated August 29, 2006, are his Motion for Extension to Time to Complete Discovery and an Opinion and Order entered by the Court. (*See* Docket # 60, 61.)  As Traveler's argument goes, CSXT's counsel should be sanctioned for making

13

"unfounded statements." (Mot. that CSXT's Att'ys Be Given Disciplinary Action at 2.)

Traveler's motion for sanctions is utterly baseless and a waste of this Court's time. The docket reflects that Traveler's Motion to Compel Production of Documents (Docket # 59) was filed on August 28, 2006, but *entered* by the Clerk on August 29, 2006, which likely caused the scrivener's error in CSXT's memorandum.[7] Clearly, Traveler has utterly failed to show that CSXT misrepresented the date for an improper purpose. Therefore, Traveler's motion for sanctions will be DENIED.

### 11.  Traveler's Motion to Compel Defendant to Execute CSXT's Motion to Compel (Docket # 89)

In his Motion to Compel Defendant to Execute CSXT's Motion to Compel (Docket # 89) filed on October 30, 2006, and supplemented on November 1, 2006, Traveler merely reiterates the arguments set forth in his response brief (Docket # 80) to CSXT's Motion to Compel (Docket # 73) discussed *supra* in Section B(6), in which he contends the Court should require CSXT to obtain his medical records from *all* of his health care providers, rather than allow it to perform discovery at its discretion. For the reasons articulated *supra* in Section B(6), Traveler's motion will be DENIED.

### 12.  Traveler's Motion to Compel (Docket # 90)

In his Motion to Compel (Docket # 90) filed on October 30, 2006, and supplemented on November 1, 2006 (Docket # 91), Traveler requests that the Court compel CSXT to produce the medical records and other related documentation pertaining to why he was removed from his position with CSXT. Once again, however, Traveler's request is duplicative, as he simply

---

[7] Furthermore, it is unclear why Traveler is doggedly pursuing this argument when, as discussed *supra* in Section B(1), the three letters he purportedly sent to CSXT's counsel in September were clearly sent *after* he filed his Motion to Compel Production of Documents on August 28, 2006.

14

rephrases his request for medical documentation that he first articulated in Interrogatories Nos. 2, 3, and 4 in his second set of interrogatories (Docket # 49) and that he articulated again in his Motion Requesting Defendant to Answer Plaintiff's Request for Information Pertaining to Defendant's Answer to Plaintiff's First Amended Complaint (Docket # 74).

Since the Court concluded *supra* in Section B(4) to order CSXT to respond to Traveler's second set of interrogatories, this motion will be DENIED as moot.

### C. CONCLUSION

For the reasons stated herein, Traveler's motions will be GRANTED in part and DENIED in part as follows:

1. Motion to Compel Production of Documents (Docket # 59) is DENIED, although CSXT is ORDERED to execute an affidavit, as described *supra* in Section B(1), by November 20, 2006;

2. Motion to Compel Defendant to Produce Production of Discovery Documents Which Defendant Has Not Submitted To Date (Docket # 66) is DENIED AS MOOT;[8]

3. Motion to Compel Defendant to Produce Production of First Set of Interrogatories  (Docket # 67) is GRANTED, and CSXT is ORDERED to respond to Traveler's second set of interrogatories (Docket # 49) by December 4, 2006;

4. Motion to Compel Defendant to Produce Production of Discovery Documents Which Defendant Is Withholding (Docket # 68) is DENIED;

5. Motion Requesting Defendant to Answer Plaintiff's Request for Information

---

[8] In addition, the Court *sua sponte* directs the Clerk to STRIKE the two sur-responses (Docket # 83, 84) filed by Traveler in response to CSXT's Motion for Protective Order.

Pertaining to Defendant's Answer to Plaintiff's First Amended Complaint (Docket # 74) is DENIED AS MOOT;

6. Motion to Add Additional Information Pertaining to the Discovery Requested by Defendant (Docket # 79) is DENIED AS MOOT;

7. Motion that Defendant's Attorneys Be Given Disciplinary Action for Perjury, Making Untrue Statements, Harassing, and Discrediting Plaintiff (Docket # 81) is DENIED;

8. Motion that Defendant's Attorneys Be Given Disciplinary Action for Making Untrue Statements, Harassing, and Discrediting Plaintiff (Docket # 85) is DENIED;

9. Motion to Compel Defendant to Execute CSXT's Motion to Compel (Docket # 89) is DENIED; and

10. Motion to Compel (Docket # 90) is DENIED AS MOOT.

In addition, CSXT's Motion for a Protective Order Regarding Plaintiff's Second Set of Interrogatories and Communications (Docket # 65) and its Motion to Compel (Docket #73) are both DENIED.

Having now ruled on twelve motions, the Court has addressed all pending matters in a case that has become unduly contentious, complicated, and unfocused. Now that discovery has closed, no further discovery motions are necessary or expected, unless an issue arises from CSXT's response to Traveler's remaining twenty-three interrogatories, which, as articulated *supra*, are to be served and filed by December 4, 2006. Any motion to compel concerning these twenty-three interrogatories is to be filed and served no later than December 18, 2006. If no motion to compel is filed, the Court will deem any arguments concerning CSXT's responses to

16

the interrogatories waived. Furthermore, Plaintiff is to file only *one* motion to compel comprehensively addressing all arguments;[9] any additional motions addressing discovery that are filed after the first motion to compel will be stricken.

In addition, the Court on its own motion extends the date for filing dispositive motions to February 15, 2007.

SO ORDERED.

Enter for the 2nd day of November, 2006.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge

---

[9] Local Rule 7.1(a) will govern the briefing of any motion to compel.