UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| A TRAVELER, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 1:06-CV-56 |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a 228-page motion to compel (Docket # 97) filed by *pro se* Plaintiff A. Traveler.[1]  As articulated herein, the filing constitutes a gross violation of the Local Rules, and thus the Court will STRIKE the motion *sua sponte*.

### A. BACKGROUND

On, February 28, 2006, Traveler commenced this action by suing CSXT under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., based on his removal from service as an Engineer Trainee. (Docket # 1.)  On May 25, 2006, a scheduling conference was conducted, wherein the Court established a maximum of twenty-five interrogatories and thirty requests for admissions by each party to any other party, a discovery deadline of September 15, 2006, and a dispositive motion deadline of December 15, 2006. (Docket # 17, 19.)  The Court later extended the discovery deadline to September 29, 2006, and the dispositive motion deadline to February 15, 2007. (Docket # 61, 92.)

---

[1] In his motion, Traveler also requests various other forms of relief, including a motion for contempt and a motion for extension of the dispositive motion deadline.

This litigation has spawned a large number of filings by Traveler. (*See*, *e.g*., Docket # 12, 16, 23, 24, 30, 36, 37, 44-47, 50, 54, 55, 59, 66-68, 74, 79, 81, 83-85, 89-91.) On November 2, 2006, the Court ruled on ten of Traveler's pending motions, denying them in part and granting them in part. (Docket # 92.) As a result of the volume of filings in this case, the Court penned the following admonishment in the conclusion of its Order:

> Having now ruled on twelve motions, the Court has addressed all pending matters in a case that has become unduly contentious, complicated, and unfocused. Now that discovery has closed, no further discovery motions are necessary or expected, unless an issue arises from CSXT's response to Traveler's remaining twenty-three interrogatories, which, as articulated *supra*, are to be served and filed by December 4, 2006. Any motion to compel concerning these twenty-three interrogatories is to be filed and served no later than December 18, 2006. If no motion to compel is filed, the Court will deem any arguments concerning CSXT's responses to the interrogatories waived. Furthermore, Plaintiff is to file only *one* motion to compel comprehensively addressing all arguments;[2] any additional motions addressing discovery that are filed after the first motion to compel will be stricken.

(Op. and Order, Nov. 2, 2006, at 16-17) (emphasis and footnote in original).

On December 18, 2006, Traveler filed the instant motion to compel, which consists of 228 pages of single-spaced text and over 100 pages of exhibits. (Docket # 97.)

## B.  DISCUSSION

Local Rule 7.1(d) provides:

> Except by permission of the court, no brief shall exceed 25 pages in length (exclusive of any pages containing a table of contents, table of authorities, and appendices), and no reply brief shall exceed 15 pages. Permission to file briefs in excess of these page limitations will be granted only upon motion supported by extraordinary and compelling reasons.

N.D. Ind. L.R. 7.1(d). In addition, Local Rule 5.1(a) states that "all papers presented to the clerk

---

[2] Local Rule 7.1(a) will govern the briefing of any motion to compel.

for filing shall be . . . double spaced, except for headings, footnotes and quoted material." N.D. Ind. L.R. 5.1(a).

Here, Traveler's motion to compel is ten times larger than what is permitted by Local Rule 7.1 and was filed without the permission of this Court, thereby violating Local Rule 7.1 in two particulars.  In addition, the 228-page motion is single-spaced, violating Local Rule 5.1(a).[3] Furthermore, to the extent the motion requests various other forms of relief, the Court warned Traveler in its November 2, 2006, Order that "any additional motions addressing discovery that are filed after the first motion to compel will be stricken."

Clearly, Traveler's motion constitutes a gross violation of this Court's Local Rules and its November 2, 2006, Order.  As a result, the Court will strike it *sua sponte*.

## C.  CONCLUSION

On its own motion, the Court hereby directs the Clerk to STRIKE Traveler's motion to compel, as well as all other motions contained in his December 18, 2006, filing (Docket # 97). The Court will, however, afford Traveler up to and including December 28, 2006, to file a motion to compel that is in compliance with this Court's Local Rules, that is, a brief that does not exceed twenty-five pages in length and is double-spaced in text.[4]  SO ORDERED.

Enter for the 20th day of December, 2006.

S/Roger B. Cosbey　　　　　　　<br>
Roger B. Cosbey,<br>
United States Magistrate Judge

---

[3] Because Traveler's filing is single-spaced, the real number of pages, at least if he had complied with Local Rule 5.1(a), is closer to 456 pages.

[4] In filing his brief, Traveler is also expected to comply with the other requirements of Local Rule 5.1and 7.1, including appropriate font, margins, and paper size.