UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| A TRAVELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:06-CV-56-TS |
| | ) | |
| CSX CORPORATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On December 27, 2006, the Plaintiff, A Traveler, who is not represented by counsel, filed an untitled motion in which he requests an appointment of a three judge panel to investigate Magistrate Judge Cosbey regarding all his pretrial orders in this case. The Plaintiff believes that Judge Cosbey's orders are biased against him and partial to the Defendant, CSX Corporation.

Having reviewed the Plaintiff's submission in full, the Court construes it as a motion to review Judge Cosbey's orders under Federal Rule of Civil Procedure 72(a). This Rule allows parties to petition the court for a review of magistrate judge's nondispositive orders:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

The Plaintiff may not complain about any of Judge Cosbey's orders that are outside the 10 day limitation for filing objections. Only two orders, the December 12 and December 20 orders, may be reviewed for error. As directed by the Rule, the Court will not modify or set aside any portion of those orders unless they are clearly erroneous or contrary to law.

In the December 12 Order, Judge Cosbey ruled on an unopposed motion filed by the Defendant to quash the Plaintiff's tardy subpoena. Judge Cosbey found that the subpoena was served after the discovery deadline had passed and, thus, could not be enforced without a showing of good cause or excusable neglect. Since the Plaintiff did not respond to the Defendant's motion, he waived all arguments relating to this subject. Therefore, the Court will not disturb the December 12 Order.

In the December 20 Order, Judge Cosbey struck the Plaintiff's motion to compel, consisting of 228 pages of single-spaced text and over 100 pages of exhibits, as violating Local Rule 7.1(d), which limits all briefs to 25 pages in length unless otherwise allowed by the Court.[1] Nevertheless, Judge Cosbey granted the Plaintiff leave to refile the motion, which the Plaintiff did on December 27, 2006. Enforcing Local Rules is the prerogative of the Court, and all parties, even those not represented by counsel, must follow rules of civil procedure. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even pro se litigants must follow rules of civil procedure."). Accordingly, the Court finds no error in Judge Cosbey's order striking the Plaintiff's motion to compel.

The Court denies the Plaintiff's December 27 motion (DE 100) and cautions him to follow both the Federal Rules of Civil Procedure and Local Rules.

SO ORDERED on January 10, 2007.

   S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Judge Cosbey also noted that the Plaintiff's motion related to discovery issues that were specifically prohibited by Judge Cosbey's earlier order. In the November 2, 2006, order, Judge Cosbey admonished the Plaintiff to stay focused on the issues before the Court and to cease filing repetitive motions as well as motions that violate the deadlines set out by the Court. *See* Op. and Order, Nov. 2, 2006, at 16-17 [DE 92].