UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| A. TRAVELER, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:06-CV-56 |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a "Comprehensive Motion" (Docket # 99) filed by *pro se* Plaintiff A. Traveler, which encompasses the following motions: (1) "Motion to Compel Production of Documents"; (2) "Motion that Ms. Sarah E. Hall . . . be Held in Contempt"; (3) "Motion that Mr. Roger Trim and Mr. Gregory Mersol be held in Contempt, Motion that Plaintiff should be Compensated"; (4) "Motion to Extend Dispositive Date of February 15, 2006"; (5) "Motion for Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes"; and (6) "Motion under Federal Rule 37."

For the reasons set forth herein, Traveler's "Comprehensive Motion" will be DENIED with respect to his motion to compel and will be STRICKEN by the Court *sua sponte* with respect to all of his remaining motions.

### A. BACKGROUND

On, February 28, 2006, Traveler commenced this action by suing CSXT under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, based on his removal from service as an Engineer Trainee. (Docket # 1.) On May 25, 2006, a scheduling conference was conducted, wherein the Court established a maximum of twenty-five interrogatories and thirty requests for

admissions by each party to any other party, a discovery deadline of September 15, 2006, and a dispositive motion deadline of December 15, 2006. (Docket # 17, 19.) The Court later extended the discovery deadline to September 29, 2006, and the dispositive motion deadline to February 15, 2007. (Docket # 61, 92.)

On September 15, 2006, Traveler filed a motion to compel CSXT's response to his second set of interrogatories, which this Court granted on November 2, 2006. (Docket # 67, 92.) As a result of the volume of filings in this case,[1] the Court penned the following admonishment in the conclusion of its November 2 Opinion and Order:

> Having now ruled on twelve motions, the Court has addressed all pending matters in a case that has become unduly contentious, complicated, and unfocused. Now that discovery has closed, no further discovery motions are necessary or expected, unless an issue arises from CSXT's response to Traveler's remaining twenty-three interrogatories, which, as articulated *supra*, are to be served and filed by December 4, 2006. Any motion to compel concerning these twenty-three interrogatories is to be filed and served no later than December 18, 2006. If no motion to compel is filed, the Court will deem any arguments concerning CSXT's responses to the interrogatories waived. Furthermore, Plaintiff is to file only *one* motion to compel comprehensively addressing all arguments;[2] any additional motions addressing discovery that are filed after the first motion to compel will be stricken.

(Op. and Order, Nov. 2, 2006, at 16-17) (emphasis and footnote in original).

On December 27, 2006, Traveler filed the instant motion challenging the sufficiency of CSXT's response to his second set of interrogatories. (Docket # 99.)

## B. DISCUSSION

As a threshold matter, in its Opinion and Order dated November 2, 2006, the Court

---

[1] This litigation has spawned a large number of filings by Traveler. (*See*, *e.g.*, Docket # 12, 16, 23, 24, 30, 36, 37, 44-47, 50, 54, 55, 59, 66-68, 74, 79, 81, 83-85, 89-91.)

[2] Local Rule 7.1(a) will govern the briefing of any motion to compel.

2

warned Traveler that any additional motions addressing discovery, other than a motion to compel concerning CSXT's response to his second set of interrogatories, would be stricken.  Despite this admonishment, Traveler filed on December 18, 2006, a 228-page, single-spaced motion seeking various forms of relief in addition to a motion to compel; the Court *sua sponte* struck the motion. Apparently, Traveler has learned nothing from these prior Orders, as in the instant motion he seeks essentially the same additional forms of relief that he requested in his December 18 motion and which were stricken by the Court.  Consequently, once again the Court *sua sponte* must direct the Clerk to STRIKE all of the motions contained in Traveler's "Comprehensive Motion," with the exception of his motion to compel CSXT's response to his second set of interrogatories.[3]

As to the motion to compel, Traveler fails to specify in the text of his motion which documents are missing and that CSXT failed to produce. *See Franklin v. McCaughtry*, No. 02-C-618-C, 2003 WL 23185895, at *2 (W.D. Wis. March 20, 2003) (emphasizing that plaintiff must "identify specifically the documents that are missing and what their contents are so that [the] court can determine whether plaintiff needs the documents to prosecute [the] action").  Thus, it is impossible for the Court on this record to order that specific documents be produced by CSXT. As a result, Traveler's motion to compel will be DENIED.

Nonetheless, since CSXT claims that it has fully responded to Traveler's request for production of documents, Traveler is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive]

---

[3] Traveler's "Comprehensive Motion," which is actually six motions in one, also violates Local Rule 7.1(b), and this too merits striking the last five motions. *See* N.D. Ind. L.R. 7.1(b) ("Each motion shall be separate . . . .).

3

documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); *see also* Jay E. Grening & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2d ed. 2002).  Accordingly, CSXT will be ORDERED to execute an affidavit, (1) stating that after diligent search there are no responsive documents in its possession, custody, or control, other than those previously produced,[4] *Fishel*, 175 F.R.D. at 531; *see also Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing its efforts to locate documents responsive to the requests at issue in Traveler's motion to compel. *See Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991).  The affidavit must fulfill these two requirements for each document request that Traveler claims has not been satisfactorily answered, which apparently includes Interrogatories Nos. 1 through 20. (*See* Pl.'s Comprehensive Mot. at 2.)

## C.  CONCLUSION

For the reasons stated herein, Traveler's "Comprehensive Motion" (Docket # 99) is DENIED with respect to his Motion to Compel Production of Documents, although CSXT is ORDERED to execute an affidavit as described *supra* in Section B on or before February 20, 2007.  The Court on its own motion directs the Clerk to STRIKE Traveler's "Comprehensive

---

[4] The Court expects CSXT to set forth this language specifically in its affidavit, rather than a variation thereof.

4

Motion" (Docket # 99) in all other respects.[5]   SO ORDERED.

Enter for the 6th day of February, 2007.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[5] As a result, CSXT's motion to strike (Docket # 103) is DENIED AS MOOT; nonetheless, the Court has considered Traveler's response (Docket # 107) to CSXT's motion to strike.

5