UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| A. TRAVELER, | ) | |
| | ) | |
| **Plaintiff,** | ) | Cause No.: 1:06-CV-56 |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court are the following motions filed by *pro se* Plaintiff A. Traveler on February 1, 2007: (1) Motion for Extension of the Dispositive Motion Deadline (Docket # 104); (2) Motion for Clarification (Docket # 105); and (3) Motion for Perjury (Docket # 106). For the reasons set forth herein, Traveler's Motion for Clarification will be GRANTED but his remaining two motions will be DENIED.

First, Traveler requests that the dispositive motion deadline of February 15, 2007, be extended because he has submitted various motions concerning discovery that have yet to be resolved. (Mot. for Extension of the Dispositive Mot. Deadline at 1.) However, this Court warned Traveler on November 2, 2006, that since "discovery has closed, no further discovery motions are necessary or expected, unless an issue arises from CSXT's response to Traveler's remaining twenty-three interrogatories." (Op. and Order, Nov. 2, 2006, at 16.) Yet, Traveler has blatantly disregarded this admonishment by filing numerous extraneous motions, including the motions that are the subject of this Order. (*See*, *e.g.*, Docket # 97, 99, 100, 104-106.)

Clearly, Traveler has utterly failed to establish good cause under Federal Rule of Civil Procedure 16(b) to warrant an extension to the dispositive motion deadline, which the Court has

already extended once. *See also United States v. 1948 S. Martin Luther King Drive*, 270 F.3d

1102, 1110 (7th Cir. 2001) ("Courts have a legitimate interest in ensuring that parties abide by

scheduling orders to ensure prompt and orderly litigation.").  Thus, his first motion will be

DENIED.

In his second motion, Traveler requests that the Court clarify "whether or not the

Defendant has to follow the guidelines of *Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083,

at 5 (N.D. Ill. May 24, 1991) . . ." in preparing its affidavit pursuant to this Court's Opinion and

Order dated November 2, 2006. (*See* Mot. for Clarification at 1; Op. and Order, Nov. 2, 2006, at

5.)  To clarify, this Court cited *Brooks* as an example of a case where a court required a party to

file an affidavit in response to a discovery dispute, not for the purpose of mirroring the specific

requirements imposed in the affidavit in *Brooks*.  Rather, the Court ordered CSXT to execute an

affidavit "(1) stating that after diligent search there are no responsive documents in its

possession, custody, or control, other than those previously produced; and (2) describing their

efforts to locate documents responsive to the requests at issue in Traveler's motion to compel."

(Op. and Order, Nov. 2, 2006, at 4-5 (citations omitted).)

Thus, Traveler's assertion that CSXT's affidavit must duplicate the specific requirements

of the affidavit in *Brooks* is misplaced.  Since the Court has now provided the requested

clarification, Traveler's second motion has been GRANTED; however, Traveler is cautioned

from wasting this Court's time in the future by filing extraneous motions such as his Motion for

Clarification. *See generally Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("[P]*ro-se*

litigants are not entitled to a general dispensation from the rules of procedure or court-imposed

deadlines.").

2

In his third motion, Traveler asserts that CSXT has "withheld crucial information" and made false statements in the context of certain discovery responses and that it should "be properly sanctioned for each count of perjury committed." (Mot. for Perjury at 2, 4.)  Thus, as far as we can tell, Traveler is requesting that the Court impose sanctions against CSXT under Federal Rule of Civil Procedure 37(c).  Traveler's request, however, is unavailing, as he (1) provides absolutely no evidence that CSXT is withholding documents from him; and (2) simply identifies an ostensible factual inconsistency between CSXT's answer to his amended complaint and its answer to one of his  interrogatories. (*Compare* Answer to Pl.'s First Am. Compl. at 3, *with* CSXT's Responses to Pl.'s Second Set of Interrogs. at 3.)

Traveler is, of course, free to explore at trial any perceived factual inconsistency on CSXT's part.  However, Traveler's request now for sanctions is clearly premature. *See generally Ghashiyah v. Frank*, No. 05-C-0766, 2007 WL 128338, at *3-4 (E.D. Wis. Jan. 11, 2007).  Thus, his Motion for Perjury will be DENIED.

## C.  CONCLUSION

For the reasons stated herein, Traveler's Motion for Clarification (Docket # 105) is GRANTED but his Motion for Extension of the Dispositive Motion Deadline (Docket # 104) and his Motion for Perjury (Docket # 106) are both DENIED.

SO ORDERED.

Enter for the 8th day of February, 2007.

S/Roger B. Cosbey

Roger B. Cosbey,
United States Magistrate Judge

3