UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| A. TRAVELER, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:06-CV-56 |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are the following motions filed by *pro se* Plaintiff A. Traveler: (1) Motion of Criminal Conspiracy (Docket # 109); (2) Motion of Perjury (Docket # 110); (3) Motion to Amend the Plaintiff's Witness List (Docket # 111); (4) Motion of Contempt (Docket # 114); and (5) Motion for Information (Docket # 116). For the reasons set forth herein, Traveler's motions will be DENIED.

First, as to his Motion of Criminal Conspiracy (Docket # 109), Traveler requests that Defendant CSX Transportation, Inc. ("CSXT"), "be properly sanctioned for criminal conspiracy that did occur between the E.E.O.C. . . . and CSXT against Plaintiff . . . ." (Mot. of Criminal Conspiracy at 18.) Traveler then expounds various tangential theories in his eighteen-page motion as to how the EEOC and CSXT criminally conspired against him.[1]

Traveler's motion, however, is an utter waste of this Court's time, as not only does he provide absolutely no evidence to support his various theories but "criminal statutes governing conspiracies against civil rights and deprivation of rights under color of law-such as 18 U.S.C. §

---

[1] We are not entirely certain whether Traveler is seeking to amend his complaint to assert this claim, but if so, it comes too late and no good cause for its tardy filing has been shown. *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Moreover, even if timely, the motion to amend would be denied, as it advances futile claims as discussed *infra*.

241-do not provide for a private right of action." *Lerch v. Boyer*, 929 F. Supp. 319, 322 (N.D. Ind. 1996) (collecting cases). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241." *Id*. As a result, Traveler's Motion of Criminal Conspiracy will be DENIED.

Next, in his Motion of Perjury (Docket # 110), Traveler once again alleges that CSXT committed perjury in connection with certain discovery responses and thus requests that CSXT "be properly sanctioned for numerous perjury statements . . . ." (Mot. of Perjury at 16.) As far as we can tell, Traveler is requesting for the second time, (*see* Docket # 106, 112), that the Court impose sanctions against CSXT under Federal Rule of Civil Procedure 37(c) – this time for a plethora of tangential reasons that the Court cannot make sense of in Traveler's eighteen-page motion. As with his first motion for perjury, Traveler provides absolutely no evidence which suggests that CSXT knowingly made false statements in its discovery responses or that it is withholding documents from him. Thus, Traveler's Motion of Perjury will be DENIED.

In his third motion (Docket # 111), Traveler requests leave to amend his witness list to include Elana Brandon, an investigator for the EEOC. While Traveler is correct that he has a duty to supplement his Federal Rule of Civil Procedure 26(a)(1)(A) disclosures if he learns they were materially incorrect or incomplete when made, Fed. R. Civ. P. 26(e)(1), he does not need to file a motion to do so.[2] Consequently, the Court deems Traveler's motion as a supplementation to his earlier Rule 26(a)(1)(A) disclosures, and thus his Motion to Amend the Plaintiff's Witness List is MOOT.

Fourth, in his Motion of Contempt (Docket # 114), Traveler identifies "individuals who

---

[2] Moreover, Rule 26(a)(3) concerning witness disclosures is not implicated since no trial date has been set; stated another way, since witness disclosures under Rule 26(a)(3) are not yet due, there is nothing to amend. *See* Fed. R. Civ. P. 26(a)(3).

are likely to have discoverable information regarding [his] psychological and medical condition, discoverable information concerning the allegations in [his] Complaint and other facts pertinent to this lawsuit" and "the documents that are missing." (Mot. of Contempt at 1.)  Apparently, Traveler filed this motion in response to the Court's Order dated February 6, 2007 (Docket # 108), in which this Court denied Traveler's motion to compel because, among other things, he failed "to specify . . . which documents are missing and that CSXT failed to produce." (Op. and Order, Feb. 6, 2007, at 3.)  In essence, it appears Traveler is asking that the Court reconsider its February 6 Order.

      However, a motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1269-70 (7th Cir. 1996) (emphasizing that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (citation omitted)).  It is quite clear that Traveler by exercising reasonable diligence could have discovered and produced any such information during the pendency of his motion to compel.[3] *See id*.  Therefore, his Motion of Contempt will be DENIED.

      Finally, in his Motion for Information (Docket #116), Traveler explains that he reviewed the Report of Parties Planning Meeting and realized that certain "filings have not been according to schedule" and that the trial date and final pretrial conference date have not been set. (Mot. for Information at 1.)  As a result, he requests this Court to present to him "a list of dates and

---

[3] Moreover, discovery closed over four months ago, and this Court has already ordered CSXT to produce an affidavit stating that there are no responsive documents in its possession, custody, or control, other than those previously produced. (*See* Op. and Order, Feb. 6, 2007, at 2-4.)

appropriate circumstances of what Plaintiff can expect in the near future pertaining to this case." (Mot. for Information at 1.)

However, Traveler's motion at this stage of the proceedings is misplaced because he is requesting information pertaining to dates that have not yet been established by this Court – dates that will only be set if CSXT's pending motion for summary judgment (Docket # 113) is ultimately denied.  Consequently, Traveler's Motion for Information at this juncture will be DENIED.

### C.  CONCLUSION

For the reasons stated herein, Traveler's Motion of Criminal Conspiracy (Docket # 109), Motion of Perjury (Docket # 110); Motion of Contempt (Docket # 114); and Motion for Information (Docket # 116) are DENIED, and his Motion to Amend the Plaintiff's Witness List (Docket # 111) is deemed MOOT.

Morever, Traveler is once again warned against wasting this Court's time by filing extraneous motions such as those addressed herein. *See generally Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("[P]*ro-se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.").  Any filings of this nature by Traveler in the future are subject to being stricken by the Court *sua sponte*.

SO ORDERED.

Enter for the 20th day of February, 2007.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
