UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| A. TRAVELER, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:06-CV-56 |
| CSX TRANSPORTATION, INC., | ) ) | |
| Defendant. | ) ) | |

### **OPINION and ORDER**

INTRODUCTION

This matter is before the Court on the May 21, 2007, motion (DE # 137) of the Defendant, CSX Transportation, Inc., to strike the Motion for Judgment on the Pleadings (DE # 136) filed by *pro se* Plaintiff A. Traveler on May 14, 2007. Traveler filed a response (DE # 138) on May 30, 2007, which he captioned as a "Motion to Strike" CSX's motion.

BACKGROUND

Traveler commenced this action by suing CSX under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, based on his removal from service as an Engineer Trainee. (*See* DE # 1.)

Although the case has proceeded somewhat irregularly as a result of Traveler's frequent and sometimes cryptic filings, it would appear that CSX's Motion for Summary Judgment (hereinafter "CSX's MSJ") (DE # 113) is now ripe for ruling. Of course, as part of ruling on CSX's MSJ, the Court will address the various motions and filings related to Traveler's efforts to add material to the record in response to CSX's MSJ. (*See*, *e.g.*, DE # 123, 125, 129, 132-135.)

Apart from ruling on CSX's MSJ, we now have before the Court Traveler's Motion for Judgment on the Pleadings (DE # 136), which appears to be merely a request that the Court rule on CSX's MSJ and "grant Mr. Traveler his day in court . . . ." (Mot. for J. on the Pleadings at 1.)

In response to Traveler's Motion for Judgment on the Pleadings, CSX filed a Motion to Strike (DE # 137), asking that Traveler's motion be stricken as untimely.  In short, CSX notes that the deadline for filing dispositive motions was February 15, 2007, and that on February 8, 2007, the Court denied a motion by Traveler seeking an extension of that deadline. (DE # 112.) Although Traveler did file a belated "motion for summary judgment" on February 26, 2007, he ultimately asked that the Court consider the filing as only a response to CSX's MSJ; the Court granted that relief and showed Traveler's so-called "motion for summary judgment" administratively termed. (*See* March 26, 2007, Order at 2 n.3.)  A motion filed by CSX seeking to strike (DE # 125) Traveler's "motion for summary judgment" was then deemed moot to the extent it sought to strike his motion, but remains outstanding to the extent it seeks to strike Traveler's Appendix (DE # 122), a compendium of materials filed by him in opposition to CSX's MSJ.

In his response to CSX's Motion to Strike, Traveler once again reiterates that he is simply asking for "a decision pertaining to what has previously taken place with Plaintiff's court case . . . ." (DE # 138).

The Court deems that CSX's Motion to Strike is now ripe for ruling.

## DISCUSSION

In its Motion to Strike, CSX argues that Traveler's Motion for Judgment on the Pleadings is a dispositive motion and is untimely given the February 15, 2007, deadline for dispositive

2

motions imposed by the Court.  Traveler does not argue that the deadline imposed by the Court should be extended because of "good cause" or "excusable neglect" under Federal Rule of Civil Procedure 16, and merely suggests that his motion is designed to elicit a ruling from the Court on CSX's MSJ.

It is clear that if Traveler's motion is one for judgment on the pleadings it is, as a dispositive motion, too late, particularly when no excuse is offered. *See United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001) ("[A] party must provide the court with good cause to excuse the tardiness, regardless of whether or not there will be a delay.").  Of course, to the extent Traveler's motion is not what it is captioned to be, but rather a motion asking the Court for a ruling on CSX's MSJ, it is subject to being stricken as unnecessary.  Accordingly, the Court hereby GRANTS CSX's Motion to Strike (DE # 137) and strikes Traveler's Motion for Judgment on the Pleadings (DE # 136).

Moreover, since it appears that the record is complete on CSX's MSJ, and because any further filings will only distract the Court from its responsibilities in regard to this case and others, the Court on its own motion ORDERS that the parties are not to file any further motions, petitions, or documents of any kind, without securing prior leave of Court.  SO ORDERED.

Enter for June 11, 2007.

    S/Roger B. Cosbey
    Roger B. Cosbey,
    United States Magistrate Judge