UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| A. TRAVELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-56 |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION and ORDER

As this Court observed in its Opinion and Order of June 11, 2007, (DE # 139), this case brought by the Plaintiff, A. Traveler ("Traveler"), on the allegation that the Defendant, CSX Transportation, Inc. ("CSX"), violated his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, when it removed him from service as an Engineer Trainee, has "proceeded somewhat irregularly as a result of Traveler's frequent and sometimes cryptic filings. . . ." (June 11, 2007, Op. and Order 1.)  Nevertheless, the Court noted that CSX's Motion for Summary Judgment (DE # 113) was, at last, ripe for ruling and that the Court would address, as part of its ruling on the Motion for Summary Judgment, Traveler's various motions and filings (*see* DE # 123, 125, 129, 132-135) related to his efforts to add material to the record in response to the Motion for Summary Judgment.

In that same ruling, the Court, in an effort to bring some structure to the proceedings and the record, also added this provision:

> Moreover, since it appears that the record is complete on [the pending

> Motion for Summary Judgment], and because any further filings will only distract the Court from its responsibilities in regard to this case and others, the Court on its own motion ORDERS that the parties are not to file any further motions, petitions, or documents of any kind, without securing prior leave of Court.

(June 11, 2007, Op. and Order 3.)

Shortly thereafter, on June 20, 2007, Traveler filed various submissions attempting to provide notice to the Court that certain witnesses and counsel for CSX had allegedly committed perjury, had conspired to commit perjury, or were suborning perjury. (DE # 141-145.)  Those entries were stricken pursuant to the Court's June 11, 2007, Opinion and Order. (DE # 146.)

Although it was unclear when Traveler filed his June 20, 2007, submissions whether he was aware of the Court's June 11, 2007, Opinion and Order, it is certainly now clear that he is aware that he must have leave of the Court to make any filing, as his nine latest submissions are each captioned, "Motion for Leave to File." (DE # 147-155.)  Unfortunately, Traveler does not simply file a "Motion for Leave to File" broadly describing what he wishes to bring to the Court's attention; instead, he actually includes, sometimes at substantial length, the entire basis for the underlying relief he seeks.  This type of tactic obviously frustrates the basis for the Court's June 11, 2007, Opinion and Order and presents a substantial imposition on the Court.

Nevertheless, turning to the Motions, they generally seek to, once again, argue that certain witnesses and counsel for CSX have committed perjury, have conspired to commit perjury, or are suborning perjury.   It appears that these motions merely re-hash what Traveler has already presented to the Court in response to the pending Motion for Summary Judgment, and since that record is closed and the Motion for Summary Judgment ripe for ruling, the Court sees no basis for granting the Motions for Leave to File.

Furthermore, to the extent that Traveler is asking for something new, that is, that the Court impose some sort of sanctions on CSX, its counsel, or its witnesses for submitting materially false declarations they do not believe to be true, he is at bottom seeking to invoke one of the perjury statutes, 18 U.S.C. § 1621(2), 18 U.S.C. § 1622, or 18 U.S.C. § 1623(a), the criminal adjunct to 28 U.S.C. § 1746. Of course, criminal perjury, in whatever form, falls within the sole province of the United States Attorney, and it is up to that office, not Traveler as a private citizen, to prosecute (or not prosecute), such alleged conduct. *See* 28 U.S.C. § 547(1). Stated another way, "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974).

Moreover, if Traveler is seeking to launch some sort of civil action for perjury, that avenue is precluded to him because both 18 U.S.C. § 1621 and 18 U.S.C. § 1623 are criminal statutes and do not provide a civil right of action for damages. *Roemer v. Crow*, 993 F. Supp. 834, 837 (D. Kan. 1998), *aff'd*, 162 F.3d 1174 (10th Cir. 1998) ("[Section] 1621 is a criminal statute which does not provide a civil right of action for damages"); *O'Donnell v. City of Chicago*, No. 02C1847, 2003 WL 1338027, at *5 (N.D. Ill. Mar. 17, 2003) (stating that sections 1621 and 1623 are criminal statutes that offer no civil causes of action). The same result applies to claims of subornation of perjury. *See D'amato v. Rattoballi*, No. 03- 7539, 2003 WL 22955858, at *1 (2d Cir. Dec. 8, 2003).

Consequently, based on the foregoing, the Court sees no reason to clutter the record with what Traveler wishes to file, as it will only prompt more briefing and delay in a case that has already seen too much of both. Accordingly, Traveler's Motions for Leave to File (DE # 147-155) are hereby DENIED and shown STRICKEN.

SO ORDERED.

Enter for this 22nd Day of June, 2007.

<u>S/Roger B. Cosbey</u>  
Roger B. Cosbey,  
United States Magistrate Judge

4