UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| A TRAVELER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CASE NO. | 1:06-CV-307-TS |
| | ) | | 1:06-CV-56-TS |
| | ) | | |
| CSX TRANSPORTATION, INC. et al. | ) | | |
| | ) | | |
| Defendants. | ) | | |

**OPINION**

This matter is before the Court on the Plaintiff's motion to amend his Complaint and on the Defendants' motions to dismiss.

**A.    Background**

The Plaintiff has filed three separate cases before this Court. On February 28, 2006, he filed his Complaint in *Traveler v. CSX Transportation, Inc.*, No. 1:06-CV-56 (N.D. Ind. Filed February 28, 2006), which states a claim under the Americans with Disabilities Act and is pending before this Court. In that case, he claims he was improperly removed from consideration to work as a train engineer because his employer, Defendant CSXT, believed he was medically unfit.[1] On August 31, 2006, he filed case number 1:06-CV-304, and later consented to have his case heard before the Magistrate Judge pursuant to 28 U.S.C. § 636(c). That case involved claims that Defendants Doctor John Ott and Trinity Wellness Enterprises deprived him of his

---

[1]Though it is not relevant to the Court's decision, the Court notes that the Plaintiff claims that he is not in fact handicapped.

civil rights in violation of 42 U.S.C. §§ 1985 and 1986, violated the Health Insurance Portability and Accountability Act (HIPAA), intentionally or negligently inflicted on him emotional distress, and violated various other state laws. Those claims also relate to his employment relationship with CSXT. The Magistrate Judge dismissed his claims in an order entered on November 29, 2006.

The Plaintiff filed this case on September 6, 2006. This case states the same federal claims against CSXT and CSXT employees Thomas Leathers and Beverly Jackson as he asserted in case number 1:06-CV-304. The Plaintiff's claims in this case are as follows:

> Defendant(s) violated Mr. Traveler's fourteenth Amendment, in violation of 42 U.S.C. 1985(3) and 1986.
> 
> Defendant(s) violated Indiana Tort Claims Act (ITCA), by intentional infliction of emotional distress.
> 
> Defendant(s) violated Indiana Tort Claims Act (ITCA), by negligent infliction of emotional distress.
> 
> Defendant(s) violated H.I.P.A.A. Law(s).
> 
> Mr. Tom Leathers violated Mr. Traveler when it was stated he can can give a clinical diagnoses when he is not licensed.
> 
> Mr. Tom Leathers violated Mr. Traveler when he impersonated a licensed social worker.
> 
> Ms. Beverly D. Jackson violated Mr. Traveler when she stated she is licensed in the State of Florida, when in fact she has no license in the State of Florida to diagnose.
> 
> Defendant(s) violated CSX Transportation Code of Ethics.
> 
> Defendant(s) violated CSX Corporation notice of privacy practices applicable to CSX Transportation, Inc. Employee Assistance Program.
> 
> Defendant(s) conspired with Dr. Ott, Ph.D., H.S.P.P. by a "game plan" to have Mr. Traveler removed from work.
> 
> Defendant(s) violated Mr. Traveler through harassment.

(Pl. Compl. 5–6, 1:06-CV-307, DE 1.)

**B.     Consolidation**

Federal Rule of Civil Procedure 42(a) states that "actions involving a common question of law or fact" may be consolidated. In this case, the facts alleged all arise out of the same events as those facts alleged by the Plaintiff in case number 1:06-CV-56: CSXT's removal of him from his engineer position. To avoid unnecessary costs or delay, this action is consolidated pursuant to Rule 42(a) with the action pending before this Court in case number 1:06-CV-56. The Plaintiff is instructed to raise all issues involving his employment with CSXT in case number 1:06-CV-56.

**C.     Standard for Dismissal under Rule 12(b)(6)**

Rule 12(b)(6) tests the sufficiency of a pleading and not its underlying merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. While the complaint does not need detailed factual allegations to establish the grounds of his entitlement to relief, a plaintiff must provide "more than labels and conclusions,

3

and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

### C.     The Plaintiff's Motion to Amend

On October 16, 2006, the Plaintiff filed a motion to amend his Complaint. He wishes to add "Conspiracy charges against Defendant, CSX Transportation." (Pl. Mot. Amend 1, 1:06-CV-307, DE 6.) The Court construes this added claim to be a claim for conspiracy pursuant to § 1985(3). As stated below, the additional claim would be dismissed because it fails to state a claim on which relief could be granted, so the motion is denied.

### D.     The Plaintiff's Section 1985(3) and 1986 Claims

The Plaintiff's §§ 1985(3) and 1986 claims must be dismissed for the same reason the Magistrate Judge dismissed these claims in case number 1:06-cv-304: he has pled no facts that plausibly suggest a violation of § 1985(3). Section 1985(3) does not create substantive rights; rather, it provides a remedy for violation of the designated rights. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). A § 1985(3) claim requires four elements:

> (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or a deprivation of any right or privilege of a citizen of the United States.

*Quinones v. Szorc*, 771 F.2d 289, 291 n. 1 (7th Cir. 1985). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

4

conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Also, where, as here, a wholly private conspiracy is alleged, the purpose of the conspiracy must be to deprive the victim of rights that are assertable against private interference or to influence the activity of the state. *United Bhd. Carpenters & Joiners Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 833 (1983) ("Because that Amendment restrains only official conduct, to make out their § 1985(3) case, it was necessary for respondents to prove that the state was somehow involved in or affected by the conspiracy.").

One fatal problem for the Plaintiff's § 1985(3) claim is that he claims the discriminatory animus motivating the conspirators was a belief that he was medically unfit for the job. The Seventh Circuit held in *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474 (7th Cir. 1985), that the handicapped are not a protected class under § 1985(3).

The other fatal problem for the Plaintiff's § 1985(3) claim is that the Plaintiff has alleged a wholly private conspiracy to violate his Fourteenth Amendment rights, which does not contain rights assertable against private interference, and he does not claim that the state would have been involved or affected in any way by the Defendants' alleged conspiracy.

Because the Plaintiff's § 1985 claim fails as a matter of law, the Plaintiff's § 1986 claim also fails. A § 1986 claim is not actionable unless there is a violation of § 1985. *Keri v. Bd. Trustees Purdue Univ.*, 458 F.3d 620, 643 (7th Cir. 2006).

### E.    The Plaintiff's Other Federal Claims

The Plaintiff claims the Defendants violated his HIPAA rights, but he does not have a private cause of action under HIPAA. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) ("We

hold there is no private cause of action under HIPAA."); *Doe v. Bd. Trustees Univ. Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue, however, has concluded that HIPAA does not authorize a private right of action."). The Plaintiff's HIPAA claim is dismissed.

The Court cannot imagine what federal law could be implicated by the Plaintiff's claims that Defendant Leathers impersonated a licensed social worker, that Leathers gave a clinical diagnosis without a license, and that Jackson stated she is licensed in Florida when she has no Florida license. The Plaintiff's claims that the Defendants violated CSXT's code of ethics and privacy practices are also not claims of violations of federal law. The Plaintiff has not asserted enough facts on these claims to state a claim to relief that is plausible on its face, and so these claims are dismissed without prejudice.

Finally, the Plaintiff claims the Defendants conspired to have the Plaintiff removed from his job and harassed him. These claims appear to be part of the Plaintiff's ADA claim currently pending before this Court in case number 1:06-CV-56, and will be considered in connection with that claim.

### F.     The Plaintiff's State Law Claims

Because the Plaintiff still has a federal claim pending in case number 1:06-CV-56, the Court will continue to exercise supplemental jurisdiction over the Plaintiff's state law claims at least until it rules on the motion for summary judgment pending in case number 1:06-CV-56. *See Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727–28 (7th Cir. 1998).

**ORDER**

This action is CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42(a) with the action pending before this Court in *Traveler v. CSX Transportation, Inc.*, No. 1:06-CV-56 (N.D. Ind. filed Feb. 28, 2006). All further proceedings in these matters will occur in case number 1:06-cv-56.

The Plaintiff's motion to amend his complaint [No. 1:06-CV-307, DE 6] is DENIED.

The Defendants' motions to dismiss [No. 1:06-CV-307, DE 4, 13] are GRANTED. The Plaintiff's claims under §§ 1985(3) and 1986 and the Plaintiff's HIPAA claims are DISMISSED WITH PREJUDICE. The other claims the Plaintiff has asserted in his Complaint in case number 1:06-CV-307 are DISMISSED WITHOUT PREJUDICE, except the Plaintiff's state law claims, which remain pending.

The Plaintiff's ADA claim in case number 1:06-CV-56 also remains pending.

SO ORDERED on August 7, 2007.

      /s/ Theresa Springmann
      THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT